**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| MELISSA HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-5031-CV-SW-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS

Plaintiff Melissa Harris seeks judicial review of the Commissioner's denial of her application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

Harris alleges she became disabled as of January 1, 2008 due to depression, bi-polar disorder, anxiety, irritable bowel syndrome ("IBS"), reflux disease, bleeding ulcers, hearing loss, food allergies, and fibromyalgia, and is, therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. § 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

Case 3:12-cv-05031-DGK   Document 14   Filed 04/16/13   Page 2 of 8

At Plaintiff's hearing, the administrative law judge ("ALJ") found that Plaintiff suffers from the following severe impairments: IBS, ulcers, asthma, status post gallbladder surgery, social phobia, depression, and personality disorder with paranoid features. R. at 11. The ALJ then determined that these disorders did not meet the requirements of any of the impairments listed in 20 C.F.R., pt. 404, subpt. P, App. 1 and found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c), meaning she could: lift and carry up to fifty pounds maximum and twenty-five pounds occasionally; push and pull the same weight; stand or walk six hours out of an eight-hour work day with normal breaks; and sit for six hours out of an eight-hour work day with normal breaks. at 14. The ALJ also found that Plaintiff should avoid concentrated exposure to fumes, pollutants, and other pulmonary irritants and was limited to work that was closely located to bathroom facilities and did not require frequent contact with the general public. *Id.* The ALJ concluded that, even with these restrictions, Plaintiff could perform jobs that existed in significant numbers in the national economy.

Plaintiff now maintains that the ALJ erred in the following ways: (1) failing to properly evaluate her credibility; (2) failing to base the RFC assessment on all medical evidence of record; and (3) failing to consider Plaintiff's obesity as a limiting impairment.

**A. The ALJ properly assessed Plaintiff's credibility.**

Plaintiff argues that the ALJ improperly discounted her credibility, failing to consider the factors set forth in the Social Security regulations and *Polaski v. Heckler*. 739 F.2d 1320 (8th

---

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

Cir. 1984). Specifically, Plaintiff argues that the ALJ ignored the extent to which the medical evidence and her daily living activities were consistent with her allegations of total disability.

The ALJ's credibility finding must be affirmed if it is supported by substantial evidence on the record as a whole. When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski*, 739 F.2d at 1322). Credibility determinations are generally the province of the ALJ, and courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason." *Finch*, 547 F.3d at 935.

Here, the ALJ provided four reasons for discounting Plaintiff's credibility. First, the ALJ relied on inconsistencies between Plaintiff's assertions and the substantial medical evidence of record. R. at 16-17. For example, Plaintiff testified that she had diarrhea six to seven times per day. R. at 49. However, medical treatment records in 2010 indicated that Plaintiff suffered from diarrhea only twice per day and that diarrhea was lessened when Plaintiff excluded dairy from her diet. R. at 445. After receiving new medication, she also reported improvement in her IBS. *See Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729–30 (8th Cir. 2003) (finding that if an impairment can be controlled by treatment or medication, it cannot be considered disabling). The ALJ also found that Plaintiff's depression, which she alleged in the hearing was disabling, had improved with medication. R. at 16, 442, 464. Accordingly, the ALJ found that the medical evidence did not support the severity of symptoms Plaintiff alleged. *See Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (finding that an ALJ may determine that "subjective pain complaints are not credible in light of objective medical evidence to the contrary").

4

The ALJ also found that Plaintiff's daily living activities were inconsistent with her subjective complaints of disability.  R. at 16-17.  The ALJ noted that Plaintiff lived alone, could attend to her personal care needs, remembered to take her medication, prepared meals, performed household chores and laundry, walked to places by herself, and shopped for groceries, clothing, and personal items for up to two hours at a time.  R. at 129.  Although Plaintiff argues that minimal daily living activities are not inconsistent with claims of disabling pain or inability to work, *see Ford v. Astrue*, 518 F.3d 979, 983 (8th Cir. 2008), here, the ALJ properly found that Plaintiff's extensive activities were inconsistent with her subjective complaints.

Third, the ALJ discussed Plaintiff's failure to follow her doctor's recommendations regarding course of treatment, R. at 16-17, for example, noting that despite a physician's referral of Plaintiff to a therapist in May 2010, Plaintiff had not attended any therapy sessions.  R. at 16-17, 49-50.  *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("failure to follow a recommended course of treatment also weighs against a claimant's credibility").

Finally, the ALJ noted that Plaintiff had never worked, even prior to her application for disability.  R. at 16-17.  *See Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005) (finding that an ALJ could discount a claimant's credibility in part because the claimant had not worked in the seven years preceding his SSI application).

Accordingly, the Court finds the ALJ articulated sufficient reasons for discounting Plaintiff's credibility.  Given the inconsistencies between Plaintiff's accounts of disabling impairments and the record evidence as a whole, the Court must uphold the ALJ's credibility assessment.

Case 3:12-cv-05031-DGK   Document 14   Filed 04/16/13   Page 5 of 8

**B. The ALJ properly assessed Plaintiff's RFC.**

Plaintiff's next argument is that the ALJ failed to properly calculate her RFC. Specifically, Plaintiff argues that the ALJ did not rely on medical evidence in determining Plaintiff's RFC and that the ALJ should have obtained an opinion from a consulting examiner.

The Court finds these arguments without merit. RFC is defined as the most that a claimant can still do despite her physical or mental limitations. 20 C.F.R. § 416.945(a); *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007). Incorporating all impairments and restrictions that he found credible, the ALJ determined that Plaintiff has the RFC to perform medium level work. R. at 33-37.

Plaintiff argues that the ALJ's determination of her RFC is invalid because it was not supported by a physician's opinion that specifically addressed all of Plaintiff's exertional impairments. In particular, Plaintiff maintains that the ALJ's work-related physical limitations are not based on any medical opinion evidence because no consultative examiner, state agency reviewing physician, or medical expert gave an opinion on Plaintiff's ability to lift, carry, push, pull, stand, walk, or sit.

However, the ALJ does not have to rely entirely on a doctor's opinion in formulating a claimant's RFC, nor is he limited to choosing an RFC based on one of the medical opinions of record. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."). Rather, the ALJ must base a claimant's RFC on all the relevant evidence. SSR 96-8p. This assessment is a task specifically reserved for the Commissioner. 20 C.F.R. § 416.927(d)(2). Relevant evidence includes medical records,

observations of physicians and others, and a claimant's own description of her limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001).

Here, the ALJ properly considered all the relevant evidence of record, including Plaintiff's medical history and subjective allegations, and formulated an RFC that incorporated only those impairments he found credible. Specifically, the ALJ considered medical evidence that claimant's conditions were well-controlled with medication, R. at 16, and that her allegations of complete disability were not consistent with her reports of daily living activities. Thus, the Court upholds the ALJ's determination of Plaintiff's RFC, finding that the ALJ's determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations. *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010).

**C. The ALJ was not required to consider Plaintiff's obesity.**

Finally, Plaintiff argues that the ALJ erred in failing to consider whether her obesity was a severe impairment which must be incorporated into her RFC. Specifically, Plaintiff notes that the ALJ never mentioned Plaintiff's obesity in his decision and never assessed whether it was a severe or non-severe impairment. As a result, Plaintiff maintains that the ALJ erred in determining her RFC.

In her benefits application, Plaintiff did not assert disability based on obesity. Moreover, at her hearing, Plaintiff reported that she could not work due to anxiety, IBS, reflux, depression, asthma, and neck pain. R. at 36, 38, 42, 44-46, 49. Plaintiff never mentioned obesity as a ground for disability, even after the ALJ questioned her about her weight.

An ALJ is not obligated to investigate a claim not presented or raised at a hearing. *Anderson v. Barnhart*, 344 F.3d 809, 815 (8th Cir. 1996) (citing *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)). While Plaintiff argues that the ALJ himself raised the issue here, and was,

therefore, under an obligation to consider it, there is no case law supporting that proposition. While the ALJ questioned Plaintiff about her weight, Plaintiff is the individual responsible for bringing a claim regarding her disability. *Brockman v. Sullivan*, 987 F.2d 1344 (8th Cir. 1993) (noting that an ALJ has "no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability").

Furthermore, there was no evidence that Plaintiff's obesity limited her ability to work. Although a few physicians noted Plaintiff's obesity, none identified any work-related limitations resulting from it. R. at 444-49, 463-68. Similarly, Plaintiff did not testify that her obesity caused any work-related limitations. According, the ALJ was under no obligation to discuss Plaintiff's obesity in his opinion. *See McNamar v. Astrue*, 590 F.3d 607, 612 (8th Cir. 2010) (finding that it was not reversible error for the ALJ to omit discussion of obesity where neither the medical records nor the claimant's testimony demonstrated that claimant's obesity caused work-related restrictions).

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  April 16, 2013                                   /s/ Greg Kays
                                                        GREG KAYS, JUDGE
                                                        UNITED STATES DISTRICT COURT